UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.:

**Haydee Valdes**, individually, and on behalf of others similarly situated,

    Plaintiffs,

vs.

**Kendall Healthcare Group, LTD.**, a Florida limited partnership, d/b/a "HCA Healthcare", "HCA Florida Kendall Hospital", and/or "Kendall Regional Medical Center",

    Defendant.

## COMPLAINT ALLEGING AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE FLORIDA CIVIL RIGHTS ACT

Plaintiff Haydee Valdes (hereinafter the "Plaintiff"), individually and on behalf of others similarly situated, by and through undersigned counsel, sues Defendant **Kendall Healthcare Group, LTD.**, a Florida Limited Partnership, doing business as "HCA Healthcare", "Kendall Regional Medical Center", and/or "HCA Florida Kendall Hospital" (hereinafter referred to as the "Defendant" or "Employer"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Age Discrimination in Employment Act, 29 U.S.C., Sections 621-634 ("ADEA") and under the Florida Civil Rights Act, § 760.01, Fla. Stat., *et seq.* ("FCRA"), for legal and equitable relief as necessary to remedy discrimination on the basis of age and retaliation against the exercise of statutorily protected rights under the ADEA and FCRA.

2.	The Employer discriminated against the Plaintiff on the basis of her age when she was falsely investigated, suspended, and then subjected to written discipline by her Employer, causing her to suffer adverse employment actions while she was employed as a MRI Technician between January and February of 2021. Thereafter, the Employer retaliated against her for her having filed a Charge of Discrimination alleging age discrimination jointly with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") by further denying her the same terms and conditions of employment on the basis of her age and for her exercise of protected rights.

## JURISDICTION AND VENUE

3.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 (federal question), 1337 (commerce), and 1343 (federal equal rights statutes) and 1367 (supplemental).

4.	This action is authorized and instituted pursuant to pursuant to Section 626(b) and (c) of the ADEA, and under the FCRA, §760.11, Fla. Stat., *et seq.*

5.	Defendant operates a healthcare care facility at which Plaintiff works within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

6.	Plaintiff is a woman, sixty-three (63) years old.

7.	At all times material to this lawsuit, Plaintiff worked for a conglomerate of related entities which operate healthcare centers and facilities under the umbrella of the brand name "HCA Healthcare" and under the fictitious names "HCA Florida Kendall Hospital" and/or "Kendall Regional Medical Center".

8.	"HCA Healthcare" is a conglomerate of related and affiliated health care facilities which holds itself out as "one of the nation's leading providers of healthcare services . . . comprised of 182 hospitals and 2,300+ sites of care in 20 states and the United Kingdom".

2

https://hcahealthcare.com/about/. These affiliated healthcare facilities are "owned or operated by subsidiaries or affiliates of HCA Healthcare https://hcahealthcare.com/about/ which holds itself out as the employer of the "employees of [the] affiliates" which it refers to as "our employees" and "HCA Employees" https://hcahealthcare.com/about/.

9. The HCA conglomerate of "182 hospitals and 2300+ sites of care . . . owned and operated" by HCA Healthcare includes, *inter alia*, Defendant Kendall Healthcare Group, LTD, which is a Florida Limited Partnership operating related campus facilities in the Kendall area of Miami-Dade County, Florida under various fictitious names it owns, including "HCA Florida Kendall Hospital" and/or "Kendall Regional Medical Center".

10. "HCA Healthcare" and Defendant Kendall Healthcare Group, LTD may be hereinafter jointly referred to as the "Employer" or "HCA".

11. At all relevant times, "HCA Healthcare" and Defendant Kendall Healthcare Group, LTD, each individually and together, was a "person" and an "employer" within the meaning of the 29 U.S.C. §§623 and 630(a), (b), ADEA.

12. At all relevant times, "HCA Healthcare" and Defendant Kendall Healthcare Group, LTD, each individually and together, has continuously done business in the State of Florida, effecting commerce, and has continuously had at least 20 employees within the meaning of §630(b), ADEA.

13. At all relevant times, "HCA Healthcare" and Defendant Kendall Healthcare Group, LTD, each individually and together, was a "person" and an "employer" within the meaning of §760.02(6) and (7), Fla. Stat. ("FCRA").

14. At all relevant times, "HCA Healthcare" and Defendant Kendall Healthcare Group, LTD, each individually and together, has continuously employed at least 15 employees within the meaning of §760.02(7), FCRA.

15. At all relevant times "HCA Healthcare" employed Plaintiff in Miami-Dade County, Florida, within the jurisdictional boundaries of this Court.

## ATTORNEY'S FEES

16. Plaintiff has engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

17. Plaintiff is entitled to an award of attorney's fees and costs pursuant to provisions of the ADEA 29 U.S.C. § 626(b) – which also makes 29 U.S.C. §216(b) of the FLSA applicable – and under the FCRA, § 760.11, Fla. Stat, and other applicable authority.

## CONDITIONS PRECEDENT

18. Plaintiff has exhausted any administrative remedies required by respective statutes. On or about July 7, 2021 Plaintiff dual filed respective Charges of Discrimination against HCA Healthcare with the EEOC and the FCHR. Thereafter, the EEOC issued a Notice of Right to Sue. Plaintiff initiated the corresponding causes of action within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

19. Plaintiff has also exhausted any administrative remedies required by respective statutes because on or about April 13, 2022 she dual filed a second Charge of Discrimination against the Employer with the EEOC and the FCHR alleging retaliation against her for her having filed the Charge of Discrimination alleged in ¶18, above.

20. Any and all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

21. Plaintiff was hired by "HCA Healthcare" as an MRI Technician on or about January 7, 2019 and continues to be so employed through the present. During this period of time she has been employed at an HCA hospital facility known as Kendall Regional Medical Center owned and operated by Defendant.

22. Plaintiff has more than 30 years' experience as an MRI Technician and has had no prior disciplinary record with any employer throughout her career as an MRI Technician.

23. Ordinarily, Plaintiff's work schedule while employed with HCA Healthcare consists of a sixteen-hour shift on Saturdays and another sixteen-hour shift on Sundays, plus "on call" duty one night per week during the weekdays, during which she is subject to being called back to the facility if the need arises.

24. At all relevant times to this complaint, Plaintiff worked under the supervision of Erika Romero, who is Director of the Imaging Department for HCA at the same Kendall Regional Medical Center where Plaintiff has been employed since January of 2019; Plaintiff is also directly supervised by Lester Yris, who supervises the MRI Technicians at the facility.

25. On or about January 24, 2021 Plaintiff was one of three (3) MRI Technicians on duty during her 16-hour shift, when the Department Director, Erika Romero, came in as a patient to have an MRI taken of her knee. Plaintiff and the two other MRI Technicians were on duty during that day and together they took care of Erika Romero as they would any other patient, which is to say they provided her with excellent care, without any incident or immediate controversy. The two other MRI Technicians on duty that day were Abel Afonso and Roberto Mas.

26. Approximately one month later, Plaintiff received a text message from her immediate supervisor, Lester Yris, requiring that Plaintiff come in during a weekday in order to

have a conference with the Human Resources Department on February 25, 2021. Neither Lester Yris nor Erika Romero would inform Plaintiff what the conference would be about.

27. Present during the conference on February 25, 2021, were the Plaintiff, Erika Romero, Knicole White (a Vice President of Human Resources), and Lorena Rodriguez, a senior Human Resources employee. It was during this conference that Defendant informed Plaintiff that Erika Romero would accuse Plaintiff of abuse, rudeness, carelessness, and lack of compassion in connection with the care provided to her as a patient on January 24, 2021.

28. During the initial conference with HR on February 25, 2021, Knicole White stated, in the presence of the others, that the complaint allegations were such that they rose to the level of a criminal violation for which Erika Romero could choose to have Plaintiff arrested and prosecuted. Plaintiff was told that she was being suspended without pay pending the results of an investigation into the treatment of department director Erika Romero on January 24, 2021.

29. This false suggestion of criminal wrong-doing was an attempt to intimidate the Plaintiff into an involuntary resignation.

30. Plaintiff requested, but was never provided, a copy of any "patient complaint" filed by Erika Romero or anyone else.

31. No Technician present during the patient treatment of Erika Romero was ever interviewed during the supposed conduct of any investigation of care provided to Erika Romero, and only the Plaintiff was ever investigated or disciplined as a result of the alleged incident.

32. Plaintiff was never advised of any specific rule, regulation, or standard of care supposedly violated with respect to the patient care provided to Erika Romero.

33. During the Human Resources conference on February 25, 2021, Plaintiff was not permitted to have an attorney or a union representative present with her on her behalf.

34. During a subsequent meeting in HR on or about March 5, 2021, Defendant advised Plaintiff that her suspension was final, and that she would be issued a Final Written "Disciplinary/Corrective Action Form", based upon their finding that "MRI tech did not shown compassion and inappropriate [sic] performed MRI which further exacerbated PT's injury. MRI did not follow proper patient care standards." A copy of the "Disciplinary/Corrective Action Form" is attached as **Exhibit "1"** hereto, inclusive of Plaintiff's "Employee Comments" later incorporated therein.

35. The "Disciplinary/Corrective Action Form" provided to Plaintiff does not mention that the "PT" in question and the "Reporting Manager" are the same person

36. Plaintiff was suspended without pay for at least four sixteen-hour shifts, including February 27 and 28, and March 6 and 7, 2021.

37. Upon returning to work, her schedule was changed so that she was placed "on call" between her sixteen-hour shifts on Saturday and Sunday.

38. Plaintiff jointly filed related Charges of Discrimination and Retaliation with the EEOC and the FCHR on July 7, 2021 and April 13, 2022.

39. When Employer's Response to the charge was due, and while the charge was still pending, the Employer retaliated against Plaintiff by discontinuing her participation in a mammography clinic, which she needed to accumulate clinical experience requirements for ARRT certification in mammography, important for professional development.

– COUNT I –
**Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"),**
**(29 U.S.C., Sections 621-634, inclusive)**

Paragraphs 1 through 39 are fully incorporated herein.

40. Plaintiff is a member of protected classes in that she is a working woman sixty-three (63) years of age.

41. Since at least January 2021, HCA has engaged in unlawful employment practices, in violation of the ADEA by subjecting Plaintiff to discrimination and adverse employment action based on her age. Said discrimination included, *inter alia* a suspension, the initiation of a baseless, selective, and deficient investigation against her, a written reprimand which affects her career, and the making of a false threat of criminal prosecution.

42. The effects of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and terms and conditions of her employment because of her age.

43. Plaintiff was not provided the same terms, conditions, and privileges of employment as employees of the Defendant outside of her protected class.

44. As a direct and proximate result of the disparate treatment and adverse employment action, Plaintiff has suffered loss of income, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and emotional distress.

45. The unlawful employment practices complained of above were and are being done with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff demands all legal and equitable relief provided by law, including: back pay wages, liquidated damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all available statutory relief.

– COUNT II –
**Discrimination in Violation of the Florida Civil Rights Act ("FCRA"),
(§760.01, Fla. Stat., et seq.)**

Plaintiff realleges paragraphs 1 through 39, as though fully set forth herein.

46. Plaintiff is a member of protected classes in that she is a working woman sixty-three (63) years of age.

47. Since at least January 2021, HCA has engaged in unlawful employment practices, in violation of the Florida Civil Rights Act by subjecting Plaintiff to discrimination and adverse

employment action based on her age. Said discrimination included, inter alia a suspension, the initiation of a baseless, selective, and deficient investigation against her, a written reprimand which affects her career, and the making of false threat of criminal prosecution.

48. Plaintiff was not provided the same terms, conditions, and privileges of employment as members outside of her protected classes.

49. Plaintiff has not been permitted to perform her job function in a manner consistent with her job description.

50. HCA intentionally discriminated against Plaintiff in violation of the Florida Civil Rights Act based upon her age.

51. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

52. As a direct and proximate result of the disparate treatment, Plaintiff suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation, inconvenience.

WHEREFORE, Plaintiff demands all legal and equitable relief provided by law, including: Compensatory damages, economic damages, pre-judgment interest, back pay wages, liquidated damages, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

### – COUNT III –
**Retaliation in Violation of the Age Discrimination in Employment Act ("ADEA"),
(29 U.S.C., Sections 621-634, inclusive)**

Plaintiff realleges paragraphs 1 through 39, as though fully set forth herein.

53. Plaintiff filed a Charge of Discrimination against Employer charging that she had been treated differently, and less favorably than other employees outside of her protected class, and

that she suffered adverse employment action on the basis of her age, in violation of the ADEA and the Florida Civil Rights Act.

54. The Employer retaliated against Plaintiff by, among other things, denying her terms and conditions of employment on the same basis as other employees because she filed a Charge of Discrimination charging the Employer with treating her differently and less favorably than other employees outside of her protected class with respect to the terms and conditions of employment.

55. The ADEA proscribes retaliation against the exercise of rights protected under the ADEA, including the opposition to unlawful practices and the filing of a Charge of Discrimination. 29 U.S.C. §623(d).

56. Defendant knew or should have known of the retaliation but failed to redress it.

57. As a direct and proximate result of the retaliation alleged herein, all in violation of the ADEA, Plaintiff suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation and inconvenience.

WHEREFORE, Plaintiff demands all legal and equitable relief provided by law, including: back pay wages, liquidated damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all available statutory relief.

– COUNT IV –
**Retaliation in Violation of the Florida Civil Rights Act ("FCRA"),
(§760.01, Fla. Stat., *et seq.*)**

Plaintiff realleges paragraphs 1 through 39, as though fully set forth herein.

58. Plaintiff filed a Charge of Discrimination against Employer charging that she had been treated differently, and less favorably than other employees outside of her protected class, and that she suffered adverse employment action because she exercised rights protected under the FCRA.

59. The Employer retaliated against Plaintiff by, among other things, denying her terms and conditions of employment on the same basis as other employees because she filed a Charge

of Discrimination charging the Employer with treating her differently and less favorably than other employees outside of her protected class with respect to the terms and conditions of employment.

60. The FCRA proscribes retaliation against the exercise of rights protected under the FCRA, including the opposition to unlawful practices and the filing of a Charge of Discrimination. § 760.10(7), Fla. Stat.

61. Defendant knew or should have known of the retaliation but failed to redress it.

62. As a direct and proximate result of the retaliation alleged herein, all in violation of the FCRA, Plaintiff suffered economic and compensatory damages, liquidated damages, loss of reputation, embarrassment and humiliation and inconvenience.

WHEREFORE, Plaintiff demands all legal and equitable relief provided by law, including: Compensatory damages, economic damages, pre-judgment interest, back pay wages, liquidated damages, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Dated: July 6, 2022

Respectfully submitted,

**Anthony F. Sanchez, P.A.**
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925