UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-22046-KMM-LFL

HAYDEE VALDES, individually and
on behalf of others similarly situated,

    Plaintiff,
v.

KENDALL HEALTHCARE GROUP, LTD., a
Florida limited partnership, d/b/a/ HCA Healthcare,
HCA Florida Kendall Hospital and/or
Kendall Regional Medical Center,

    Defendant.
_____/

## DEFENDANT'S PETITION FOR ATTORNEY'S FEES

Defendant Kendall Healthcare Group, Ltd d/b/a HCA Florida Kendall Hospital ("Kendall" or "Defendant"), hereby files its petition for the Court to enter a judgment awarding reasonable prevailing party attorney's fees to Kendall under the Florida Private Whistleblower Act ("FWA"), Fla. Stat. § 448.104.

Kendall filed a Motion for Entitlement to Fees pursuant to the FWA because such an award is discretionary with the Court. Should the Court grant that motion, this petition and accompanying declaration of Jennifer A. Yasko support the requested fee award.

## INTRODUCTION

Plaintiff filed her Amended Complaint on September 29, 2022 alleging seven claims under the Age Discrimination in Employment Act and Florida Civil Rights Act (Counts III, IV, V, VI); the Fair Labor Standards Act ("FLSA") (Counts I and II); and the Florida Private Whistleblower Act ("FWA") (Count VII) [ECF No. 18]. The Court entered judgment for Kendall on six out of the seven claims for discrimination and retaliation. [ECF No. 115]. As will be

discussed more below, these six claims factually overlap, *i.e.*, all claims except Plaintiff's FLSA violation claim (Count II) arise out of the same set of factual allegations.

This should have been a straight forward discrimination and retaliation case in which reasonable discovery would have revealed that there was no factual basis to any of Plaintiff's legal theories. It is Kendall's position that, rather than taking a streamlined approach to discovery that was proportional to the needs of the case and amount in controversy, Plaintiff needlessly expanded discovery in an attempt to find a viable claim against Kendall.

For example, Plaintiff deposed twelve (12) individuals, including her former colleagues, managers, and multiple director-level employees in the relentless, yet unsuccessful, pursuit for a viable claim against Kendall under any of her theories. And while Plaintiff may argue that this was necessary because Kendall was obstructing discovery, which it was not, and Kendall objected to this mischaracterization of events, the Court noted that "Despite Plaintiff's characterization of the Parties' discovery disputes as one-sided, it appears that the Parties have consistently worked with the Magistrate Judge to get past those disputes in a timely fashion." [ECF No. 70].

### Kendall Seeks $200,025.00 in Reasonable Attorneys' Fees

Pursuant to the Florida Whistleblower Act, Fla. Stat. § 448.104, "A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." As such, Kendall seeks $200,025.00 in reasonable attorney's fees. *See* S.D. Fla. L.R. 7.3(a).

The Court granted Kendall's motion for summary judgment on Plaintiff's Florida Whistleblower Act claim, thereby making Kendall the prevailing party entitled to its attorneys' fees incurred on this claim pursuant to section 448.104, Florida Statutes. [ECF No. 115]. Plaintiff has provided no authority for her position that section 448.104, Florida Statutes, has no

application because she accepted a $120 offer of judgment on a single claim under the Fair Labor Standards Act.  In any event, as explained in Kendall's Reply to Motion to Tax Costs, Plaintiff's acceptance of the offer of judgment does not make her the prevailing party on any claim and she is entitled to attorneys' fees and costs as to Count II only because of the specific language of fee statute in the Fair Labor Standards Act.  [ECF No. 126, ¶¶ A & B].

Defendant is therefore seeking fees as the prevailing party on the FWA claim.

> The law on the issue of a party prevailing on only some of their claims is as follows. In certain cases, a [party's] claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the [prevailing party] in relation to the hours reasonably expended on the litigation.

*Tillman v. Advanced Public Safety, Inc.*, No. 15-81782, 2018 WL 5768570, at * 6-7 (S.D. Fla. Nov. 2, 2018) (*Rpt. & Rec. affirmed and approved by*, 2018 WL 6424899 (S.D. Fla. Nov. 20, 2018)) (citing *Hensley*, 461 U.S. at 435).

Moreover,

> "Where ... a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011) (quotation marks omitted) (quoting *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought* [*or were authorized*]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow*). "[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F. Supp. 3d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So. 2d 920, 922 (Fla. 3d DCA 1988)).

3

*Tillman*, 2018 WL 5768570, at * 7 (all emphasis in original).

For example, in *Angila Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169 (Fla. 4th DCA 2002), there were a number of contract based claims and counter-claims. The court determined that the defendant was the prevailing party. The appellate court affirmed the trial court's determination that "the counts on which Dubin prevailed [were] so inextricably intertwined that reasonable apportionment of the attorney's time was impractical."

Here, the six claims on which Kendall prevailed on summary judgment all involve a common core of facts and are based on related legal theories, thus the time that defense counsel spent "marshalling the facts of the related claims is compensable." As set forth in more detail in the Court's Order on Defendant's Motion for Summary Judgment, Plaintiff's claims can be distilled down to two claims of age discrimination, and four claims of retaliation, all premised on a common core of alleged facts. These six claims were framed around four alleged adverse employment actions. Namely, the MRI investigation, change in Plaintiff's on-call shift, discontinuation of mammography training, and alleged constructive discharge. [ECF No. 99, pp. 7-8]. These claims were also framed around two allegedly protected activities: complaining about an alleged wage violation, and filing her EEOC Charge. [ECF No. 99, p. 13]. Plaintiff's Count II, the alleged FLSA wage violation, in and of itself, is discrete and not based on the same predicate facts. [ECF No. 99, p. 16, ¶ C.]

In its Order, the Court stated that "Plaintiff asserts the same adverse actions as the basis for both its age discrimination and retaliation claims." [ECF No. 99, p. 12, n.6]. The Order addresses each of the adverse actions in its discussion of the discrimination claims and the retaliation claims. The only claim that is parsed for discussion is the FLSA violation claim. [ECF No. 99, p. 16]. Thus, it is clear that, with the exception of the FLSA violation claim, each of the

other six claims are all based on the same core of common facts and legal theories. As such, recovery of attorneys' fees on all six claims is appropriate under these circumstances.

Moreover, Defendant prevailed on summary judgment on six out of seven claims, which Defendant argues is considerable success on the merits of this case. As to the FLSA violation, the Court did not find that Plaintiff was meritorious on this claim. Rather, the Court found a material question of fact existed precluding summary judgment for either party and instead directed the parties to find a resolution to that one claim. Defendant then made an offer of judgment for $120 (the value of the alleged claim plus statutory liquidated damages) in order to cut off legal fees and judicial resources being expended over a $60 claim. Thus, Defendant's success was considerable and an award of reasonable fees is appropriate.

## Calculating Fees With the Lodestar Method

Florida uses the lodestar method of calculating attorney's fees. "The first step to determine a fee award utilizing the lodestar approach is to calculate the lodestar figure, that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1308 (M.D. Fla. 2011) (internal quotation marks omitted).

### 1. Kendall's Attorneys' Hourly Rates are Reasonable

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Durden*, 763 F. Supp. 2d at 1308 (internal quotation marks and citation omitted).

As set forth in the Declaration of Jennifer A. Yasko, attached as **Exhibit 1**, Kendall incurred $200,025.00 in attorneys' fees for 491.3 hours of professional time in this case. Decl. at ¶¶ 4, 7, 13.

The discounted hourly rates charged by defense counsel were between $425 and $400 per hour and are comparable to or less than the hourly rates charged by lawyers with similar experience at firms in the South Florida market. *See Berkley Vacation Resorts, Inc. v. Castle Law Group, P.C.*, No. 18-60309, 2019 WL 7344834, at * 2-3 (S.D. Fla. Nov. 18, 2019) (finding that $400 per hour is a reasonable hourly rate in South Florida); *Toledo v. Vioss Vision, Inc.*, No. 18-20309, 2019 WL 5689246, at * 2-3 (S.D. Fla. Oct. 31, 2019) (finding that $425 per hour was a reasonable rate for an experienced employment litigator); *Harrington v. Mari*, No. 22-61156, 2023 WL 4707163, at * 5 (S.D. Fla. June 29, 2023 ) (finding that $450 per hour was a reasonable hourly rate for 2004 law school graduate with extensive experience in his field).

The comparables demonstrate that Carlton Fields' attorney's hourly rates for this client, which receives a reduced rate due to the lengthy attorney-client relationship, are below rates deemed reasonable in the area. Kendall notes that in response to Plaintiff's counsel's prior fee petition, Kendall did not dispute her counsel's proposed rate of $450.00 per hour. [ECF No. 112, p. 2].

### 2. *Kendall's Attorneys Expended a Reasonable Number of Hours*

Kendall's counsel expended a reasonable number of hours defending this multi-count lawsuit. Moreover, in making this fee petition, counsel for Defendant erred on the side of caution in exercising "billing judgment" and excluded any semblance of "excessive, redundant, or otherwise unnecessary hours," and time allocated exclusively to the FLSA violation. *Tillman*, 2018 WL 5768570, at * 2.

As of August 18, 2023, Carlton Fields had billed Kendall approximately $340,000 in legal fees defending this lawsuit.[1] As a result, the billing entries attached to the Yasko Declaration reflect reasonable and significantly reduced time spent on the various litigation tasks and phases of the litigation.

As detailed in the Declaration, the services provided to Kendall by Carlton Fields, P.A. ("Carlton Fields") included, without limitation: drafting responses to pleadings; drafting and responding to written discovery; preparing for and participating in multiple good faith meet and confer conferences with Plaintiff's counsel in connection with various motions and discovery disputes; attending formal discovery hearings; preparing for and taking depositions of Plaintiff and her subsequent employer; preparing twelve of Kendall's employees for depositions and defending those twelve depositions; drafting Kendall's Motion for Summary Judgment and Statement of Undisputed Material Facts, and the Reply; responding to Plaintiff's Motion for Summary Judgment and Statement of Undisputed Material Facts; drafting the Offer of Judgment on Plaintiff's Count II; drafting Kendall's Motion to Amend or Correct Court's Paperless Order, and Reply; responding to Plaintiff's Motion to Vacate the Court's Paperless Order; drafting Kendall's Motion in Limine, and Reply; drafting Kendall's motions for fees and costs and supporting documents and responding to Plaintiff's motions for fees and costs; reviewing and analyzing Plaintiff's motions and response briefs; drafting and/or responding to various other case filings and correspondence among the parties; legal research; and, reviewing, analyzing, and managing documents related to this lawsuit. *See* Yasko Decl. at ¶ 7 and Exhibit A (time records).

As set forth in the Yasko Declaration, and accompanying fee records, Carlton Fields spent 491.3 hours defending Plaintiff's meritless lawsuit, which number was significantly

---

[1] Kendall reserves the right to seek the fees it incurs from August 18, 2023 to the date of a fee award by the Court, if any.

reduced from the actual fees billed to Kendall for the purpose of this fee petition. Thus, Lodestar is satisfied.

### 3. *Johnson v. Georgia Highway* Factors Support the Requested Award

After considering the Lodestar calculation, this request for fees is similarly appropriate under the *Johnson* factors.[2] The Court may consider the following factors in adjusting the Lodestar.

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed, or contingent.

None of the *Johnson* factors weighs in favor of a *downward* adjustment of the fee.

---

[2] "[A] court *may*—but need not—consider the *Johnson* factors." *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). "The United States Supreme Court has sanctioned the use of the *Johnson* factors by federal courts." *Rowe*, 472 So. 2d at 1150, n.5 (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)); *see also Loranger v. Stierheim*, 10 F. 3d 776, n.6 (11th Cir. 1994) ("*Johnson* originally mandated twelve factors that district courts should balance in fashioning fee awards. Although its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate.").

133766708.3

Specifically:

    a.    ***Factor 1***: the "time and labor required" is reflected by the proper utilization of time attributed to each aspect of the litigation, including pleadings, extensive discovery, and dispositive motions, to name a few. Carlton Fields has also demonstrated the "skill[s] requisite to perform the legal service[s] properly," which is reflected by Carlton Fields' successful motion for summary judgment. The "novelty and difficulty of the questions" at issue in this case is reflected in Carlton Fields' reasonable hours expended and the discounted hourly rates. And although each case is unique, Carlton Fields has a long-standing attorney-client relationship with Kendall and has litigated similar cases for Kendall and its affiliates and, therefore, has the benefit of accumulated knowledge and efficiency.

    b.    ***Factor 2***: the factor of "acceptance of the particular employment will preclude other employment by the lawyer" also weighs in Carlton Fields' favor because Carlton Fields' attorneys were forestalled from tending to other matters while litigating this case.

    c.    ***Factors 3 and 8***: as set forth above, Carlton Fields has established that it charges Kendall equal to or less than the customary fee for similar work in the community and its fee is not contingent. Therefore, these factors also weigh in favor of the requested fee award.

    d.    ***Factor 4***: the "amount [of damages] involved and the results obtained" in this case is significant, because Plaintiff was seeking monetary damages, lost wages, emotional distress damages, attorney's fees and interest.

    Carlton Fields expended a reasonable and appropriate amount of time and resources to defend Plaintiff's allegations and Kendall prevailed on summary judgment on all but one claim that Kendall voluntarily resolved by way of an offer for judgment, rather than continue to waste the Court and Kendall's resources litigating over $60.

 e. **Factor 5**: with respect to "time limitations imposed by the client," Kendall has an expectation that this case is a priority for Carlton Fields because allegations of illegal discrimination and retaliation against a purported whistleblower hurt Kendall's business and reputation, making this case a priority.

 f. **Factor 6**: the "nature and length of the professional relationship" is, as above, demonstrated by the long-standing attorney-client relationship.

 g. **Factor 7**: the "experience, reputation, and ability of the lawyers" is reflected in the Yasko Declaration demonstrating the years of experience and credentials of each attorney, and the successful resolution of this case for their client.

In sum, none of the *Johnson* factors weights in favor of adjusting Kendall's requested fee downward.

Finally, "a prevailing party is entitled to recover fees for all hours reasonably spent preparing the attorneys' fee request." *Playnation Play Sys., Inc. Velex Corp.*, No. 14-1046, 2018 WL 11238506, at * 2 (N.D. Ga. June 5, 2018) (overruling non-movant's objection to fee award to prevailing party for time spent preparing its fee petition). Thus, Kendall is entitled to recover its reasonable attorneys' fees incurred in preparing this fee petition and supporting documents.

**The Court Need Not Reserve Jurisdiction to Award Costs Under Rule 54**

Plaintiff's position that Kendall cannot be awarded fees (or costs) because the Final Judgment does not explicitly indicate that the Court reserves jurisdiction to do so is misplaced. There is no need for the Court to explicitly retain jurisdiction to award fees or costs under Rule 54(d). *Suntrust Equip. Fin. & Leasing Corp. v. Bluechip Power, LLC*, 13-57, 2014 WL 12617456, at * 1 (M.D. Fla. Oct. 22, 2014) ("Lastly, Suntrust requests that this Court retain jurisdiction to award attorney's fees and costs. As noted in the September 11, 2014 Report and Recommendation, Rule 54(d)(2) of the Federal Rules of Civil Procedure permits a motion for attorney's fees to be filed after, but within fourteen days of, the entry of judgment. Additionally, "[t]he clerk may tax costs on [fourteen] days' notice." Fed. R. Civ. P. 54(d)(1). Accordingly, there is no need for this Court to explicitly retain jurisdiction.").

**CONCLUSION**

For all the reasons set out above, Defendant requests that the Court enter an Order awarding its reasonable attorney's fees, and for such other relief as the Court deems appropriate.

**VERIFICATION**

Pursuant to Local Rule 7.3, the undersigned, as counsel of record for Defendant, hereby verifies that she has reviewed this Motion and the supporting documentation, and that it is true and accurate to the best of her belief.

**CONFERRAL**

Pursuant to Local Rule 7.3, on October 2, 2023, undersigned counsel, and counsel for Plaintiff, Anthony Sanchez, conferred by phone as to the parties' proposed draft cross motions for fees that each party served for review prior conferral. The parties were unable to reach any agreement as to entitlement to fees or fee amounts.

133766708.3

| | |
|---|---|
| **Dated: October 6, 2023** | **CARLTON FIELDS, P.A.** |
| | CityPlace Tower – Suite 1200<br>525 Okeechobee Boulevard<br>West Palm Beach, FL 33401-6350<br>Telephone: (561) 659-7070<br>/s/<br>Alexander D. del Russo<br>Florida Bar No.: 350273<br>Jennifer A. Yasko<br>Florida Bar No.: 109604<br>adelrusso@carltonfields.com<br>jyasko@carltonfields.com<br>kcasazza@carltonfields.com<br>*Attorneys for Defendant* |

133766708.3