## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22046-KMM

HAYDEE VALDES,

    Plaintiff,

v.

KENDALL HEALTHCARE GROUP, LTD.,

    Defendant.

_____/

## OMNIBUS REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on the Parties' respective Motions to Tax Costs (ECF Nos. 116, 117, 118) and Motions for Attorney's Fees (ECF Nos. 128, 129, 130).[1]  Having reviewed the Motions, Responses, Replies, and the docket as a whole, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motions be **GRANTED, in part**, and **DENIED, in part**; and that Defendant's Motions be **DENIED**, as follows.

## I.    BACKGROUND

Plaintiff brought the instant suit alleging violations of the Fair Labor Standards Act ("FLSA"), age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and Florida Civil Rights Act ("FCRA"), and retaliation in violation of the ADEA, FLSA, FCRA, and the Florida Whistleblower's Act ("FWA").  (ECF No. 18).

The District Court granted summary judgment in favor of Defendant on six of Plaintiff's seven claims, namely the claims of age discrimination and retaliation.  (ECF No. 99).  The Court found that Plaintiff failed to set out a *prima facie* case with respect to her claims for age discrimination and

---

[1]  The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law with respect to the instant pending motions.  (ECF Nos. 121, 131).

retaliation by failing to adduce evidence of a causal link between the adverse employment actions and Plaintiff's age or alleged protected activity. (*Id.* at 10–16). The Court further found that, even if Plaintiff had set out a *prima facie* case, Defendant proffered a legitimate, non-discriminatory reason for the adverse employment events for which Plaintiff provided no evidence that these actions were pretextual decisions motivated by discrimination. Thus, the Court found that these claims failed as a matter of law. (*Id.* at 11–12, 16).

For the sole remaining claim of a wage violation under the FLSA, the Court found there was a genuine issue of material fact whether the wages at issue remained unpaid, thus summary judgment as to this claim was not warranted. (*Id.* at 17). Indeed, the Court noted that, for purposes of that motion, Defendant conceded that it did not promptly pay Plaintiff's wages, and instead, Defendant offered to enter into a consent judgment for the amount of liquidated damages with reasonable attorney's fees. (*Id.*). In light of that concession, the Court ordered the Parties to show cause how they intended to proceed on the final remaining claim for wage violations, Count II. (*Id.* at 18).

Defendant responded to the Court's Order to Show Cause that, while it asserted the record reflected the wages were paid, Defendant acknowledged that litigating over $60.00 was not in the interest of the Parties or the Court. (ECF No. 103 at 1). As a result, Defendant represented it contemporaneously served a Rule 68 offer of judgment in the amount to $120.00, payment of the disputed $60.00 in wages and an equal amount of liquidated damages. (*Id.* at 2). Defendant further represented that it consented to requesting the Court to determine the amount of attorney's fees that Plaintiff incurred in pursuing Count II. (*Id.*). In the alternative, Defendant consented to the Court entering judgment for Plaintiff on Count II in the full amount of $120.00, with reasonable attorney's fees to be determined by the Court. (*Id.*). Plaintiff's response to the Order to Show Cause acknowledged that she was in receipt of Defendant's Rule 68 offer of judgment and was taking it into consideration. (ECF No. 104).

Plaintiff filed a notice of acceptance that provides she accepted Defendant's Rule 68 offer of judgment solely regarding Count II of the Amended Complaint.  (ECF No. 105).  Attached to Plaintiff's Notice of Acceptance, Defendant's offer of judgment provides that Defendant consented to entry of a judgment in favor of Plaintiff for the sum of $120.00 representing the alleged unpaid wages of $60.00 and liquidated damages in the same amount in full and final disposition of Plaintiff's Count II FLSA claim.  (ECF No. 105-1).  Defendant further consented to requesting that the Court determine the reasonable amount of attorney's fees to be awarded to Plaintiff for pursuing this claim. (*Id.*).

Final judgment was entered in favor of Defendant on Counts I, III, IV, V, VI, and VII; and in favor of Plaintiff on Count II.  (ECF No. 115).  Plaintiff appealed the District Court's Order on Summary Judgment, (ECF No. 99), which the Eleventh Circuit affirmed.  *See Valdes v. Kendall Healthcare Grp., Ltd*., No. 23-12983, 2024 WL 3356965, at *5 (11th Cir. July 10, 2024).

The Parties now respectively move for fees and costs incurred during this litigation.

## II.    DISCUSSION

### A.    Entitlement to Attorney's Fees

The Parties cross move for entitlement to fees and costs as prevailing parties in this litigation: Plaintiff asserts she is entitled to attorney's fees and costs under the FLSA, as the prevailing party, for accepting Defendant's offer of judgment.  Defendant seeks reimbursement of its attorney's fees under Florida Statutes § 448.104 for successfully defending against Count VII, asserting retaliation under the FWA.

Plaintiff filed the instant action pursuant to the Court's federal jurisdiction with the state law claims arising under the Court's supplemental jurisdiction.  In a diversity or a supplemental jurisdiction case, a federal court is required to apply the substantive law of a forum state. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating that "[e]xcept in matters governed by the Federal

Constitution or by acts of Congress, the law to be applied in any case is the law of the state"); *see also Kipu Sys. LLC v. Zencharts LLC*, No. 17-24733-CIV, 2021 WL 1891710, at *2 (S.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 17-CV-24733, 2021 WL 4505527 (S.D. Fla. Sept. 30, 2021). It is also well established that statutes allowing for the recovery of attorney's fees are substantive law. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) (stating that "it is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes"); *Kipu Sys. LLC*, 2021 WL 1891710, at *2. Given that Plaintiff's state law claims are included under the Court's supplemental jurisdiction and a federal court is required to apply the substantive law of the forum state when determining whether a party is entitled to recover fees—Florida law applies to the FWA claim whereas federal law applies to the FLSA claim. *See Kipu Sys. LLC*, 2021 WL 1891710, at *2. With these principles in mind, we consider each Party's Motion in turn.

### 1.    PLAINTIFF IS ENTITLED TO FEES AND COSTS UNDER THE FLSA.

The FLSA explicitly provides that a court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Plaintiff seeks an award of all of her attorney's fees incurred in this litigation. Defendant does not dispute that Plaintiff is entitled to her attorney's fees and costs in pursuit of her claim for wage violations under the FLSA, Count II, but argues that such an award should be limited to no more than $1,200.00. Defendant argues that Plaintiff's acceptance of a Rule 68 offer of judgment and attendant judgment entered was not a judgment on the merits of Plaintiff's case, and that the legal relationship of the parties was not changed as a result. Without said change in the legal relationship, Defendant contends that Plaintiff thus cannot be the prevailing party.

A plaintiff is a "prevailing party" only when she obtains either (1) a judgment on the merits, or (2) a settlement agreement "enforced through a consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603–04 (2001); *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in [her] favor to be entitled to attorney's fees and costs.").  A prevailing party needs a judgment or consent decree to prove that there has been an "alteration in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605.  "Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment from the district court evincing the court's determination that the settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).  "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605–06 (rejecting the "catalyst theory," noting that "[e]ven under a limited form of the 'catalyst theory,' a plaintiff could recover attorney's fees if it established that the 'complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted.'  This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary.").  "If the district court 'either incorporates the terms of the parties' settlement into its final order of dismissal or expressly retains jurisdiction to enforce the settlement,' these judicial actions serve as the 'functional equivalent' of a consent decree in compliance with *Buckhannon*." *Mayer*, 514 F. App'x at 934 (quoting *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)) (alterations omitted).

The District Court granted summary judgment in favor of Defendant on six of Plaintiff's seven claims, namely the claims of age discrimination and retaliation. (ECF No. 99). The Court found that a genuine dispute of fact remained as to Plaintiff's final claim under the FLSA. (*Id.* at 17). The Court then ordered the Parties to provide how they intended to proceed on the final remaining claim for wage violations, Count II. (*Id.* at 18). Subsequently, Defendant served an offer of judgment under Federal Rule of Civil Procedure 68(a) in the amount of $120.00 for the remaining FLSA claim, which Plaintiff accepted. (ECF Nos. 103, 104, 105). Final judgment was entered in favor of Defendant on Count I, III, IV, V, VI, and VII; and in favor of Plaintiff on Count II in the amount of $120.00. (ECF No. 115). The Final Judgment further reserves jurisdiction to award Plaintiff's reasonable costs and attorney's fees as to Count II. (*Id.*).

The pertinent inquiry here is whether Defendant's Rule 68 offer of judgment, and the Final Judgment entered subsequent to the offer's acceptance, has the necessary judicial *imprimatur* for Plaintiff to be considered the prevailing party. "Admittedly, an offer of judgment falls somewhere between a consent decree and the minimalist 'catalyst theory' the [Supreme Court] rejected in *Buckhannon*." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

Plaintiff's acceptance of the offer of judgment here establishes her position as the prevailing party. Notably, Plaintiff's "accepted offer has the 'necessary judicial *imprimatur*' of the court," in that "it is an enforceable judgment against [Defendant]." *Util. Automation 2000, Inc.*, 298 F.3d at 1248 (citations omitted). "Thus, unlike a 'defendant's voluntary change in conduct' or a purely private settlement resulting in a dismissal, a Rule 68 judgment represents a 'judicially sanctioned change in the relationship between the parties.'" *Id.* Indeed, Defendant successfully defended against most of Plaintiff's claims at summary judgment, and the monetary value of the judgment is small; nonetheless, Plaintiff fully prevailed on her FLSA claim and thereby gained an enforceable judgment

against Defendant. *See TransWorld Food Serv., LLC v. Nationwide Mut. Ins.*, No. 1:19-CV-3772-SDG, 2023 WL 2733378, at *3 (N.D. Ga. Mar. 30, 2023), *appeal dismissed*, No. 23-11444, 2023 WL 5841944 (11th Cir. Sept. 11, 2023) (finding a plaintiff as the prevailing party in requesting costs despite having only been successful at trial on one of ten claims asserted).

Despite Defendant's thorough and thoughtful analysis distinguishing *Utility,* relying on, in part, the concurrence in that opinion, the Court concludes that Plaintiff is the prevailing party under the FLSA because the offer of judgment materially altered the legal relationship between the parties. *See Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1284 (S.D. Fla. 2008), *aff'd*, 323 F. App'x 829 (11th Cir. 2009) ("There is no meritorious dispute that Plaintiffs, who all accepted offers of judgment, are the prevailing parties in this action with respect to their FLSA overtime claims, and as such, are entitled to an award of reasonable attorneys' fees."); *Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17-22462-CIV, 2019 WL 12265725, at *3 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted in part*, No. 17-CV-22462-UU, 2020 WL 9458710 (S.D. Fla. Mar. 9, 2020), *and report and recommendation adopted*, No. 1:17-CV-22462, 2020 WL 9458712 (S.D. Fla. Mar. 17, 2020), *aff'd sub nom. Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 20-11413, 2021 WL 5568164 (11th Cir. Nov. 29, 2021) (finding plaintiff a prevailing party who prevailed on one of six claims because plaintiff obtained a final judgment on one claim in its favor).

## 2.   DEFENDANT SHOULD NOT RECOVER FEES FOR SUCCESS ON THE FWA CLAIM

Defendant argues that it is entitled to fees as the prevailing party under the FWA. Under Florida Statutes § 448.104, a "court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448.104. Such an award is discretionary, not mandatory. The statute itself makes no distinction between a prevailing plaintiff and a prevailing defendant. *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1336, 1339 (S.D. Fla. 2007).

The Parties dispute what standard this Court should apply in evaluating whether Defendant is the prevailing party under the FWA.  Plaintiff asserts that this Court should apply the *Christiansburg* standard, as set out in *Christiansburg Garment Co. v. EEOC*, which requires a defendant demonstrate that a plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so" in order to be found entitled to fees.  434 U.S. 412, 422(1978).[2]

However, as Defendant notes, "the courts [that] have addressed the issue have found the *Christiansburg* standard to be inapplicable to claims for fees under § 448.104, which means that a prevailing defendant need not show that the plaintiff's claim was frivolous in order to recover attorneys' fees." *Smith v. Psychiatric Sols., Inc.*, 864 F. Supp. 2d 1241, 1262 (N.D. Fla. 2012), *aff'd*, 750 F.3d 1253 (11th Cir. 2014); *New World Communications of Tampa, Inc. v. Akre*, 866 So.2d 1231, 1235–36 (Fla. 2d DCA 2003); *see also James*, 489 F. Supp. 2d at 1339*; Stone v. Geico Gen. Ins.*, No. 805-CV-636-T-30TBM, 2006 WL 3333674, at *3 (M.D. Fla. Nov. 16, 2006) ("The *Christiansburg* standard is not applicable to fee awards under § 448.104."); *Gamb v. Hilton Hotels Corp.*, No. 95-466-CIV-ORL-19, 1997 WL 893874, at *2 (M.D. Fla. Sept. 26, 1997), *aff'd*, 132 F.3d 46 (11th Cir. 1997) (finding award of attorney's fees under § 448.104 does not require a showing of frivolity).

"Neither the FWA nor its legislative history indicates what, if anything, should guide a court's discretion in awarding fees." *Smith*, 750 F.3d at 1259.  Rather, courts have reviewed the following five factors in determining whether an award of attorney's fees is warranted: (1) the scope and history of the litigation, including whether the Plaintiff continued to prosecute the action despite the presence

---

[2]  Plaintiff further argues that, because she is the prevailing party, Defendant is precluded from being found as the prevailing party in the instant case.  However, Florida law in some circumstances permits more than one prevailing party in a lawsuit where each of the claims that support an attorney's fees award is separate and distinct. *Kipu Sys. LLC*, 2021 WL 1891710, at *11 (citing *Leon F. Cohn, M.D., P.A. v. Visual Health and Surgical Ctr., Inc.*, 125 So. 3d 860, 863 (Fla. 4th DCA 2013)).  "Multiple claims within a lawsuit are separate and distinct if they can support an independent action and are not simply alternative theories of liability for the same wrong." *Martinair Holland, N.V. v. Benihana, Inc.*, 815 F. App'x 358, 361 (11th Cir. 2020).  Thus, under Florida law, a finding that Plaintiff is the prevailing party on a federal law claim would not necessarily preclude Defendant from being considered the prevailing party on a separate and distinct FWA claim.

of an efficient resolution to the case; (2) the Parties' wealth disparity; (3) whether an award of fees would frustrate the FWA's remedial purpose by deterring worthy claimants; (4) whether the opposing party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith. *Blanco v. Transatlantic Bank*, No. 07-20303-Civ, 2009 WL 2762361, at *2 (S.D. Fla. Aug. 31, 2009); *Bush v. Raytheon Co.*, No. 807-CV-02087-T-24AEP, 2009 WL 5128040, at *2 (M.D. Fla. Dec. 21, 2009); *Li v. Roger Holler Chevrolet Co.*, No. 6:19-CV-1249-GAP-EJK, 2021 WL 6550975, at *4 (M.D. Fla. Oct. 15, 2021), *report and recommendation adopted*, No. 6:19-CV-1249-GAP-EJK, 2021 WL 5769034 (M.D. Fla. Dec. 6, 2021); *Daneshpajouh v. Sage Dental Grp. of Fla., PLLC*, No. 19-CV-62700, 2023 WL 5132835, at *7 (S.D. Fla. June 20, 2023), *report and recommendation adopted*, No. 19-CV-62700-RAR, 2023 WL 4676002 (S.D. Fla. July 21, 2023).

As both Parties note, the discovery process for the instant case was protracted.  Many disputes were raised and resolved at hearings before the undersigned.  Each hearing presented nuanced issues arising from evolving facts and legal theories from each side.  However, the active discovery process in this litigation fails to demonstrate that this factor weighs in either Party's favor.  Rather, as noted in the undersigned's prior order on Plaintiff's previous request of fees (ECF No. 112), after each dispute resolution, the undersigned assessed the Parties' objections raised and found that most of the objections—even if overruled—were substantially justified on the arguments then raised.  (*Id.* at 4). Thus, that the Parties had numerous discovery disputes does not weigh in favor or against an award of fees.

Regarding the Parties' wealth disparity, I find that it weighs in favor of Plaintiff as it is not disputed that Defendant, as a medical health center, would have greater resources available to it than Plaintiff, Defendant's former employee.  But, as Defendant notes, "[w]hile the court [considers] the disparity in wealth between parties to avoid impoverishing an individual or unfairly punishing her for exercising the right to seek legal redress," Defendant, as a corporation, is not penalized simply

because it has greater resources. *Smith*, 864 F. Supp. 2d at 1265. As such, "this factor does not convince the Court that [Defendant] should not be awarded any attorneys' fees at all." *Bush*, 2009 WL 5128040, at *3.

As for the FWA's remedial purpose, "[t]he whistleblower's statute establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosures." *Bell v. Georgia-Pac. Corp.*, No. 5:04-CV-50OC10GRJ, 2005 WL 1618223, at *1 (M.D. Fla. July 6, 2005). Thus, ordering a litigant to pay a large amount of attorney's fees "could have an unwarranted 'chilling' affect upon other worthy individual claimants," and frustrate the remedial purpose of the Florida Whistleblower Act. *Id.* Defendant asserts Plaintiff's FWA claim was meritless, thus Plaintiff's continued pursuit of her FWA claim undermines the statute's purpose. Plaintiff asserts that awarding Defendant fees does not further the statute's purpose because doing so would punish a private employee for illuminating an unlawful pay practice.

Though Plaintiff's FWA claim was ultimately unsuccessful, Plaintiff obtained a judgment against Defendant for an underlying violation of failing to pay missing wages—the violation for which Plaintiff asserted she was retaliated for complaining about in her FWA claim. As a result, I find that awarding fees here would at least somewhat frustrate the FWA's remedial purpose by deterring worthy claimants.

As to the remaining factors, the Court concludes that Plaintiff's FWA claim was not frivolous or otherwise brought in bad faith. "To be sure, a retaliation claim is not automatically rendered frivolous due to a party's failure to establish a prima facie case for the purposes of summary judgment." *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-CV-1306-J-34JRK, 2017 WL 1080000, at *10 (M.D. Fla. Mar. 22, 2017); *see also Keen v. Bovie Med. Corp.*, No. 8:12–CV–305–T–24–EAJ, 2014 WL 293472, at *3 (M.D. Fla. Jan. 27, 2014). At summary judgment, Plaintiff was found to have failed to state a *prima facie* case on her FWA retaliation claim because there was a lack of temporal

proximity between when she complained about the failure to pay her wages and when the adverse employment action occurred. (ECF No. 99 at 15). The Court noted that the adverse action occurred nearly three months after Plaintiff stopped reporting the failure to pay wages, which was too temporally remote to support a retaliation claim. (*Id.*).

Defendant argues that Plaintiff's FWA claim is frivolous because Plaintiff failed to cite to any evidence in support of her claim. However, *as it pertains to the FWA claim*, Defendant's assertions do not adequately reflect the District Court's holding. As noted above, the Court found the evidence that Plaintiff *did* provide did not support her claim, and that she provided no further evidence to support a causal connection beyond the temporal proximity between the protected activity and the adverse employment action. (*Id.*). As a result, the record reflects that Plaintiff did in fact present some evidence in support of her FWA claim, albeit insufficient. *Barnhart v. Lamar Advert. Co.*, 523 F. App'x 635, 638 (11th Cir. 2013) ("A case may be weak, but as long as it is not 'without circumstantial foundation,' it is not frivolous."); *Daneshpajouh*, 2023 WL 5132835, at *8 (finding that, though the FWA claim was weak, it was not frivolous).

Ultimately, Plaintiff obtained an offer of judgment from Defendant regarding the underlying wage violation; the violation that Plaintiff asserted predicated the retaliation under the FWA. While Plaintiff's FWA claim was unsuccessful, there is no evidence to suggest that Plaintiff acted in anything other than good faith in bringing the FWA claim and, considering her success on the FLSA claim, her legal position had arguable merit. *See James*, 489 F. Supp. 2d at 1339 (denying motion for fees by prevailing defendant on FWA claim where plaintiff prevailed on FLSA claim at trial).

Because the relevant factors and circumstances are either neutral or slightly favor Plaintiff, I respectfully recommend that the Court exercise its discretion by declining to award attorney's fees to Defendant under the FWA.

**B.      Amount of the Award**

Having found Plaintiff is entitled to fees, the Court turns to the amount of the award.  The next step is for the court to calculate the "lodestar," which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427, 436 (11th Cir. 1999).  Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done.  *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).

Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *ACLU of Ga.*, 168 F.3d at 427 (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).  Courts are not authorized "to be

generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

## 1.   REASONABLE HOURLY RATE

Plaintiff seeks an award of attorney's fees for time incurred by attorney Anthony F. Sanchez at a rate of $450.00 per hour and paralegal Frank Zwanink at a rate of $150.00 per hour. In view of the factors from *Johnson v. Georgia Highway Express, Inc.*, the Court finds that the requested rate for Attorney Sanchez is reasonable but the requested rate for Zwanink must be reduced. The Court has considered the skill requisite to perform the legal services properly; the customary fee; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. The Court has also drawn on its expertise on the issue of hourly rates. *Loranger*, 10 F.3d at 781. Moreover, Defendant does not object to the requested hourly rates.

Plaintiff's Motion, which is verified, represents that Sanchez graduated from University of Pennsylvania Law School in 1988 and has been member in good standing of The Florida Bar continuously since 1989. Plaintiff asserts that Sanchez has been an attorney for approximately 35 years with a considerable amount of experience litigating and trying federal civil rights and labor law employment cases. Plaintiff represents that Sanchez has tried approximately thirty cases to jury verdict, primarily in federal, but also in state court. In this District, attorneys with similar years of

experience have been awarded fees at rates of $450.00 per hour. *Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2019 WL 2255021, at *7 (S.D. Fla. May 2, 2019), *report and recommendation adopted*, No. 14-81488-CIV, 2019 WL 2254714 (S.D. Fla. May 21, 2019) (reducing requested hourly rate to $450.00 for an attorney with over 25 years of experience); *Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-61994-CIV, 2020 WL 10502419, at *2 (S.D. Fla. Apr. 20, 2020) (finding $450.00 for the attorney's hourly rate to be reasonable). Indeed, Sanchez was awarded fees at the instant rate previously in this matter. (ECF No. 112).

Plaintiff also requests $150.00 per hour for work performed by a paralegal, Frank Zwanink. "However, Plaintiff provided no support to demonstrate that the rate requested is reasonable in this legal market." *Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929-JB, 2023 WL 4295319, at *5 (S.D. Fla. June 29, 2023) (reducing request of $150.00 hourly rate to $125.00 for time billed by a paralegal with eleven years of experience and a master's degree). Plaintiff did explain that Zwanink has thirteen years of paralegal experience and a master's degree in business administration. (ECF No. 130 at 6). Given that there is a lack of support for the requested rate and considering the range of paralegal rates typically awarded in this District, the undersigned finds that $125.00 per hour is a reasonable rate for time expended by Zwanink. *See id.*; *Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-CV-61268, 2019 WL 6462550, at *6 (S.D. Fla. Nov. 13, 2019), *report and recommendation adopted*, No. 18-CV-61268, 2019 WL 6608900 (S.D. Fla. Dec. 5, 2019) (finding $125.00 is a reasonable hourly rate for paralegal).

Accordingly, the undersigned recommends that the District Court award fees expended by attorney Anthony F. Sanchez at a rate of $450.00 per hour and by paralegal Frank Zwanink at a rate of $125.00 per hour.

## 2.    REASONABLE NUMBER OF HOURS EXPENDED

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation.  The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*"  *ACLU of Ga.*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).  The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.  *Id.* at 428.  Counsel must have reliable evidence to support hours that are claimed.  *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988).  The determination of reasonableness lies in the sound discretion of the trial court.  *Norman*, 836 F.2d at 1301.  In determining whether the number of hours expended on the litigation was reasonable, the district court should exclude from its initial fee calculation "hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.

Plaintiff seeks to recover fees for a total of 225.9 hours litigating this case.  Defendant challenges Plaintiff's entitlement to recoup fees incurred in pursuit of the claims on which Defendant prevailed at summary judgment.  In determining the reasonable hours expended, the undersigned must exclude "time spent on discrete and unsuccessful claims."  *Picado v. Lafise Corp.*, 13-24214-CIV, 2014 WL 4471391, at *3 (S.D. Fla. Sept. 11, 2014) (citing *Norman*, 836 F.2d at 1302).  Plaintiff counsel's time records, however, did not separately account for time incurred on FLSA and non-FLSA claims, and render it difficult, if not impossible, to deduct time on a line-by-line basis.  To address Defendant's well-placed objection, the Court will consider whether, and by how much, a reasonable lodestar calculation should be further reduced to account for Plaintiff's limited success.  *Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, 20-22694-CIV, 2023 WL 2388272, at

*10 (S.D. Fla. Mar. 7, 2023) (citing *Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 715 (11th Cir. 2014) and recognizing that partial success may be taken into account either in the court's calculation of number of reasonable hours *or* in reducing the calculated lodestar, but not twice). Accordingly, the Court first assesses the reasonableness of Plaintiff counsel's time entries as a whole, then considers whether the adjusted number of hours must be reduced to account for the partial success here.

*i.*      *Lodestar Calculation*

Plaintiff's counsel highlights that his calculation already accounts for a reduction of 10.2 hours related to "administrative exhaustion efforts" and 10.0 hours of time already awarded by this Court. Based on Plaintiff's counsel's representation of the time incurred, these reductions were, in fact, appropriate deductions.

Yet, review of the time records indicates that these time entries are still excessive given that this was a single-plaintiff case, and while multiple claims were brought under different statutes, the claims and the facts asserted therein were not necessarily complex. Moreover, the time records submitted contain numerous entries that either bill excessively for the task at hand, reflect work done by Mr. Sanchez that could have been accomplished by a paralegal, or fail to describe with sufficient particularity the activity billed for making it difficult to assess whether the activity was something that required the knowledge and experience of a lawyer.

For instance, time spent preparing and coordinating zoom information, reviewing docket orders, placing telephone calls, and monitoring the filings on the docket, are not the types of tasks that warrant a $450.00 hourly rate. (ECF No. 130-1 at 1, 2, 4, 5, 6, 8, 9, 10). Nor should the lodestar calculation include time supported only by entries that lack sufficient detail[3] to determine the

---

[3] *See* ECF No. 130-1 at 2 ("Call to Plaintiff to"); at 7 ("Call with Plaintiff re"); at 10 ("Incoming call from Plaintiff (211p-231p) calling about").

reasonableness of the time expended because the entries are "too vague to determine the necessity of the task." *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *8 (S.D. Fla. Nov. 20, 2020). Likewise, the time records indicate numerous entries for tasks that are clerical[4] and therefore not recoverable. *See Brito v. Sarrio Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 1110052, at *5 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted sub nom. Brito v. Sarria Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 782544 (S.D. Fla. Mar. 14, 2022) ("In this case, Plaintiff requests fees, on behalf of his paralegal, for e-filing, calendaring deadlines, and emailing the summons to the process server—all unrecoverable tasks."); *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 11-CV-80507, 2013 WL 12095538, at *2 (S.D. Fla. Jan. 22, 2013), *report and recommendation adopted*, No. 11-80507-CIV, 2013 WL 12095539 (S.D. Fla. Feb. 19, 2013).

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F. 3d at 1350 (citing *Loranger*, 10 F.3d at 783). A court may not, however, do both. *See id.* (explaining that "by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours"). In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable while at other times the "fee documentation can be so voluminous as to render an hour-by-hour review impractical." *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis"; rather, it may reduce the hours devoted to litigation "in gross if a review of the resubmitted fee request warrants such a reduction"). "In such cases, an across-the-board cut may be appropriate, as long as a court 'articulates

---

[4] ECF No. 130-1 at 2 ("Started digitizing and categorizing Plaintiff's documents); at 6 ("Logged into Caplan process servers' web portal and downloaded the remaining return of service for Roberto Mas re subpoena for deposition; added to witness folder").

its reasons for selecting specific percentage reductions.'" *Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *report and recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783) (alterations omitted).

An across-the-board reduction is preferable here because, although the Court reviewed the billing records submitted, the records are too voluminous to take an hour-by-hour approach. And after taking into consideration the errors previously identified in the billing records, I find that the number of attorney hours should be reduced by 25% to reflect a more reasonable amount of time spent properly prosecuting this action. *Cf. Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1311 (S.D. Fla. 2009) (reducing fees by 60% to fairly reflect the time and effort that should have gone into the case from its inception through its conclusion); *Paguaga*, 2023 WL 2388272, at *8 (reducing fees by 15% to correct for billing errors).

With this reduction, Plaintiff's fee request amounts to 162.30 hours of recoverable time at an hourly rate of $450.00, amounting to $73,035.00; and 7.15[5] hours of recoverable time at an hourly rate of $125.00, amounting to $893.75, which yields a net lodestar fee calculation of $73,928.75.

*ii.     Adjustments for Plaintiff's Limited Success*

The Court must now determine whether this final lodestar amount should be enhanced or reduced.

Defendant generally objects to Plaintiff's fee request because it includes time spent on unsuccessful claims that are distinct from her claim on which she prevailed, her claim for wage violations under the FLSA. Defendant further asserts that any award should further be reduced for the limited success obtained. Plaintiff responds that her FLSA claim is interconnected to her

---

[5] The Court notes that 75% of 9.5 is 7.125. Where the Court's reduction results in an increment of time not normally used in billing time, the Court rounds up to the nearest normal increment of .05.

retaliation claims, including her FWA claim.  Plaintiff further contends that her success was not *de minimis* because she recovered the full amount of her claimed wages.

The court should exclude "time spent on discrete and unsuccessful claims."  *Norman*, 836 F.2d at 1302.  "The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 435.  Moreover, a reduction in fees is warranted if the record shows a demonstrable lack of success for the prevailing party. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 1987) (reducing the lodestar by 75% for lack of success, even though plaintiff obtained an admission of liability).

The Court notes that Plaintiff fails to support beyond conclusory assertions the interconnected nature between the successful claim and the unsuccessful claims.  Notably, Plaintiff does not even attempt to assert the successful wage violation claim is interconnected with her age discrimination claims.  Yet, notwithstanding, Plaintiff seeks fees for all claims without any effort to prune out time incurred on the unsuccessful claims.  Plaintiff, as the "fee applicant[,] bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman*, 836 F.2d at 1303. Plaintiff fails to meet that burden here.

Upon the Court's review of the Plaintiff's unsuccessful claims, as alleged in the Amended Complaint, only Count I and Count VII relate to or mention in any way Plaintiff's claim for wage violations as the predicate violation for the alleged retaliation.  (ECF No. 18 at 12, 18).  However, the District Court's analysis of Plaintiff's claims in its Order on summary judgment is instructive.  As Defendant notes, the District Court analyzed Plaintiff's discrimination claims and retaliation claims in conjunction and independently of Plaintiff's claim for wage violations—supporting that the unsuccessful claims asserted are distinct and indeed separable from the FLSA claim. *See* (ECF No. 99).  Moreover, the undersigned is aware of multiple discovery hearings that were uniquely in pursuit

of information pertaining to the discrimination and retaliation claims, without any connection to the successful claim of wage violations.

As noted above, counsel's time entries reflect "'general purpose work' clearly performed in furtherance of the lawsuit as a *whole*, not just the FLSA claim." *Picado*, 2014 WL 4471391, at *3 (emphasis in original). "While this may be due to the lack of accuracy in the Plaintiff's billing records, rather than a conscious effort to overstate the fees recoverable as a prevailing plaintiff under the FLSA, the burden is on the fee applicant to maintain billing records 'in a manner that will enable a reviewing court to identify distinct claims.'" *James*, 489 F. Supp. 2d at 1352; *Ojeda-Sanchez v. Bland Farms*, No. 6:08-CV-96, 2013 WL 5652032, at *3 (S.D. Ga. Oct. 16, 2013).

Though Plaintiff is technically the prevailing party, her success is minimal. Despite Plaintiff's assertions she fully recovered on the FLSA claim, she fully lost on the other six. *Circuitronix, LLC*, 2019 WL 12265725, at *7 ("The undersigned is not persuaded by the plaintiff's argument that the recovery in this matter was substantial and that no reduction in the amount of fees sought is appropriate. Especially in light of the fact that the plaintiff only succeeded on one of six counts originally brought by the plaintiff."). While the record does not reveal the dollar amount Plaintiff attributed to her unsuccessful claims, the undersigned suspects, considering the protracted litigation including discovery disputes that related solely to the FWA and age discrimination claims, that Plaintiff valued those claims at a higher amount than the successful FLSA claim. To say that she "mostly lost" in this case is a fair summary of the outcome.

A significant amount, if not the majority of the work done by Plaintiff's attorney in this matter, was in pursuit of the claims that were eliminated at summary judgment. Plaintiff obtained a Final Judgment in this case in her favor, not because of a legal victory pursued by Plaintiff's counsel, but only after the District Court found all other claims lacked merit and Defendant served an offer of judgment to settle the last remaining claim. Plaintiff has not supported her assertions here that the

efforts undertaken by her counsel on all claims were necessary for the results obtained on her single successful claim.

Based on the foregoing, the undersigned recommends an across-the-board 80% reduction of the hours sought by Plaintiff. *Picado*, 2014 WL 4471391, at *4 (implementing a 35% reduction of the hours sought because of the difficulty in separating out counsel's time incurred between the FLSA claim and non-FLSA claim); *Ojeda-Sanchez*, 2013 WL 5652032, at *3 (S.D. Ga. Oct. 16, 2013) (implementing an across-the-board 60% reduction of the lodestar amount in part because of failure to separate FLSA and non-FLSA claims in record of hours); *James*, 489 F.Supp.2d at 1351–54 (implementing a 50% reduction in the lodestar amount).

With this reduction, Plaintiff's fee request amounts to 32.50 hours of recoverable time at an hourly rate of $450.00, amounting to $14,625.00; and 1.45 hours of recoverable time at an hourly rate of $125.00, amounting to $181.25, which yields a net lodestar fee calculation of $14,806.25. Based on the foregoing, the undersigned recommends that the District Court award $14,806.25 in fees. That amount represents the fairest fee award that the record supports.

### C.    Entitlement to Costs

Both Parties request to be awarded costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. However, as noted above, Plaintiff has been found to be the prevailing party. The same "prevailing party" analysis applies whether the party is asking for attorney's fees or costs. *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022). Where a federal rule or statute awards fees or costs to "the prevailing party," there can be a prevailing party or no prevailing party, but there cannot be two prevailing parties. *Royal Palm Properties*, 38 F.4th at 1377–80 (interpreting text of Rule 54(d)(1)). Because Plaintiff has been determined to be the prevailing party, and Defendant has not demonstrated entitlement to costs under the FWA, the Court proceeds to reviewing Plaintiff's claim for costs.

There is, generally, a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Where, as here, a prevailing party seeks costs under 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).  "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Plaintiff seeks to recover costs in the amount of $12,067.00, consisting of: (1) $402.00 in fees of the Clerk; (2) $710.00 in fees for service of summons and subpoenas; (3) $10,130.00 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case; and (4) $825.00 in compensation of interpreters and costs of special interpretation services.  (ECF No. 118-1).  In support of her request, Plaintiff has attached invoices evidencing the costs incurred in prosecuting the suit.  (ECF No. 118-1 at 5–38).

Defendant objects to Plaintiff's request for taxable costs arguing that certain expenses relate to claims on which Plaintiffs did not prevail and thus Plaintiff is not entitled to be reimbursed for those costs.  However, in awarding costs "[a] party need not prevail on all issues to justify a full award of cost." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978)).  "Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Id.*; *see also Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001).  To the extent Plaintiff did not prevail on the remaining claims, "this Court is not required to sift through [Plaintiff's] costs and analyze whether particular costs are primarily attributable to those claims.  On the contrary, as the prevailing party, [Plaintiff is] entitled to a 'full award of costs' as provided for in 28 U.S.C. § 1920." *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *7 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

### 1.   FEES OF THE CLERK

Plaintiff first seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the $402.00 filing fee paid in connection with initiating this case in this Court.  The receipt for the filing fee is evidenced on the docket.  *See* Docket Text for ECF No. 1.  Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez*, 2020 WL 6826355, at *4, the undersigned recommends that Plaintiff's request for filing fees in the amount of $402.00 be granted.

### 2.   SERVICE OF SUMMONS AND SUBPOENAS

As to fees for service of summons and subpoenas, Plaintiffs seek reimbursement for service of summons charge for the complaint at $35.00 and charges for four subpoenas at $85.00, $250.00, and two for $170.00, totaling $710.00.  (ECF No. 118-1 at 3, 6–10).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the

taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, the invoice submitted confirms that Plaintiff seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal for the service of summons charge for the complaint at $35.00. *See* (ECF No. 118-1 at 6). Accordingly, I recommend that Plaintiff recover $35.00 for the service of the summons.

Regarding the remaining service of subpoenas, Defendant objects to the rush fees requested by Plaintiff for subpoenas served on various witnesses as reflected in her submitted invoices.

"Neither rush fees nor costs for attempting to serve the same individual at different addresses are generally recoverable." *Samana, Inc. v. Lucena*, No. 17-24677-CIV, 2019 WL 11623927, at *5 (S.D. Fla. Sept. 16, 2019), *report and recommendation adopted*, No. 17-24677-CIV, 2019 WL 11623925 (S.D. Fla. Dec. 16, 2019). However, rush fees may be recoverable under the exception that they were "necessarily incurred." *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *3 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 F. App'x 923 (11th Cir. 2020). Likewise, where a party seeks cost for multiple service attempts, "[i]t is imperative that the party . . . provide evidence justifying the need for multiple service attempts." *Cadle v. Geico Gen. Ins.*, No. 6:13-CV-1591-ORL-31, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015); *see also Mid-Continent*

*Cas. Co.*, 2019 WL 8402872, at *4 (denying an award of costs for multiple service attempts where party did not justify necessity of additional attempts).

Plaintiff asserts, in reply, that the rush fees were required because the discovery deadline was near and several attempts had already been made.  Plaintiff further asserts that the rush fees were necessitated by Defendant's conduct during discovery.  This conclusory and unsupported explanation for the incurred rush fees and multiple service attempts fails to demonstrate their necessity.  "Because unjustified expedited costs are not recoverable, these charges are properly excluded." *Paguaga*, 2023 WL 2388272, at *3.  Plaintiff is thus solely entitled to $65.00—the per hour rate charged by the U.S. Marshal—for the service of the four remaining subpoenas.

Thus, the Court finds Plaintiff entitled to $295.00 to cover the fees for service of summons and subpoenas.

### 3.     FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS

Plaintiff seeks to recover $10,130.00 in costs for the court reporter attendance of nine depositions and the transcript fees for fifteen depositions.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21.  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.*  Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Defendant's sole argument that the fees incurred are not recoverable is that they do not pertain to Count II, the claim Plaintiff ultimately prevailed on.  But, as noted above, Plaintiff's entitlement to

costs is not restricted to solely Count II as Plaintiff is the prevailing party, and is thus "entitled to a 'full award of costs' as provided for in 28 U.S.C. § 1920." *Brown Jordan Int'l, Inc.*, 2017 WL 5633312, at *7. Given that Defendant has not met its burden in demonstrating that the fees were not necessary for use in this case, the undersigned finds that these costs are recoverable, and Plaintiff is entitled to $10,130.00 in costs for these depositions.

> **4.    COMPENSATION OF INTERPRETERS AND COSTS OF SPECIAL INTERPRETATION SERVICES**

Plaintiff seeks to recover $825.00 in costs for an interpreter that appeared for several depositions. (ECF No. 118-1 at 11–14). Defendant objects to this request asserting that Plaintiff has failed to explain the need for the depositions considering Plaintiff did not purchase the transcripts from these depositions.

It is not contested that a Spanish interpreter was necessary for the depositions of the subject witnesses. As such, the Court finds that the use of the interpreters was reasonable and thus Plaintiff is entitled to the incurred costs. *Schauenburg v. Key W. Tours, Inc.*, No. 08-10059-CIV, 2009 WL 10668290, at *5 (S.D. Fla. Nov. 25, 2009) ("[B]earing in mind that Plaintiff is a citizen of Germany and [the] interpreter was used for thirty-six questions throughout the deposition, the Court finds that the use of the interpreter was reasonable.") (citations omitted); *Celestine v. JPMorgan Chase Bank, N.A.*, No. 17-CV-20915, 2018 WL 6807320, at *3 (S.D. Fla. Sept. 28, 2018) ("Defendant reasonably incurred the cost to retain the interpreter; it would have been unreasonable for Defendant to attempt the deposition without securing the interpreter when it had reason to believe he required assistance of a Spanish interpreter."). Defendant's argument that Plaintiff did not ultimately order the transcripts does not meaningfully rebut the necessity of the interpreter or satisfy its burden in demonstrating that the depositions themselves were not necessary. Accordingly, the undersigned finds Plaintiff is entitled to the $825.00 in costs for compensation of interpreters.

* * *

In sum, the undersigned recommends that Plaintiff be found entitled to $11,652.00 in taxable costs.

## III.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** the following:

1. Defendant's Verified Motion to Tax Costs (ECF Nos. 116, 117) be **DENIED**.

2. Plaintiff's Bill of Costs (ECF No. 118) be **GRANTED, in part**, and **DENIED, in part** and that Plaintiff be found entitled to $11,652.00 in taxable costs.

3. Defendant's Motion for Entitlement to Fees and Petition for Attorney's Fees (ECF Nos. 128, 129) be **DENIED**.

4. Plaintiff's Verified Motion for Attorney's Fees (ECF No. 130) be **GRANTED, in part**, and **DENIED, in part**, and that Plaintiff be found entitled to $14,806.25 in attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, on this 19th day of July, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE