UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22046-KMM

HAYDEE VALDES,

    Plaintiff,

v.

KENDALL HEALTHCARE GROUP, LTD.

    Defendant.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the Parties respective Motions to Tax Costs (ECF Nos. 116, 117, 118) and Motions for Attorney's Fees (ECF Nos. 128, 129, 130). The Court referred the Motions to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF Nos. 121, 131). On July 19, 2024, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 139), recommending that the Motions be GRANTED, in part, and DENIED, in part. *See* R&R at 27. Neither Defendant nor Plaintiff objected to the R&R. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.     BACKGROUND**

Plaintiff brought the instant suit alleging violations of the Fair Labor Standards Act ("FLSA"), age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and Florida Civil Rights Act ("FCRA"), and retaliation in violation of the ADEA, FLSA, FCRA, and the Florida Whistleblower's Act ("FWA"). *See* (ECF No. 18).

The Court granted summary judgment in favor of Defendant on six of Plaintiff's seven claims, specifically the claims of age discrimination and retaliation. *See* (ECF No. 99) at 10–16. For the sole remaining claim of a wage violation under the FLSA, the Court found there was a genuine issue of material fact as to whether the wages at issue remained unpaid, thus summary

judgment as to this claim was not warranted. *Id*. at 17. The Court ordered the Parties to show cause as to how they intended to proceed on the final remaining claim for wage violations, Count II. *Id.* at 18. Defendant responded to the Court's Order to Show Cause acknowledging that litigating over $60.00 was not in the best interests of the Parties or the Court. *See* (ECF No. 103) at 1. Defendant then represented that it contemporaneously served a Rule 68 offer of judgment in the amount to $120.00, payment of the disputed $60.00 in wages, and an equal amount of liquidated damages. *Id.* at 2. Defendant further consented to requesting the Court to determine the amount of attorney's fees that Plaintiff incurred in pursuing Count II. *Id.* In the alternative, Defendant consented to the Court entering judgment for Plaintiff on Count II in the full amount of $120.00, with reasonable attorney's fees to be determined by the Court. *Id.* Plaintiff's response to the Order to Show Cause acknowledged that she was in receipt of Defendant's Rule 68 offer of judgment and was taking it into consideration. (ECF No. 104).

Plaintiff filed a notice of acceptance that provides that she accepted Defendant's Rule 68 offer of judgment solely regarding Count II of the Amended Complaint. (ECF No. 105). Final judgment was entered in favor of Defendant on Counts I, III, IV, V, VI, and VII; and in favor of Plaintiff on Count II. (ECF No. 115). Plaintiff appealed the Court's Order on Summary Judgment, (ECF No. 99), which the Eleventh Circuit affirmed. *See Valdes v. Kendall Healthcare Grp., Ltd.*, No. 23-12983, 2024 WL 3356965, at *5 (11th Cir. July 10, 2024). The Parties now respectively move for fees and costs incurred during this litigation.

**II.   LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party

files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.  DISCUSSION

As set forth in the R&R, Magistrate Judge Louis first addresses the Parties' cross Motions for attorneys' fees as prevailing parties in the litigation. Magistrate Judge Louis recommends (a) that Plaintiff is entitled to fees and costs under the FLSA as the prevailing party because the offer of judgment materially altered the legal relationship between the Parties; and (b) that the Court exercise its discretion by declining to award attorneys' fees to Defendant for success on the FWA claim because the relevant factors are either neutral or slightly favor Plaintiff. *See* R&R at 4–11.

Second, having found that Plaintiff is entitled to fees, Magistrate Judge Louis turns to the amount of the award. R&R at 12. Specifically, Magistrate Judge Louis recommends that the Court (a) award fees expended by Plaintiff's attorney and paralegal at a rate of $450.00 per hour and $125.00 per hour, respectively; and (b) reduce Plaintiff's fee request amount to 32.50 hours of recoverable time for attorney's fees, and 1.45 hours of recoverable time for paralegal fees, yielding a total fee calculation of $14,806.25. R&R at 13–21.

Third, Magistrate Judge Louis addresses the Parties' claim for costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  R&R at 21.  Because Magistrate Judge Louis determined that Plaintiff is the prevailing party, the R&R solely addresses Plaintiff's claim for costs.  *Id.*  Accordingly, Magistrate Judge Louis recommends that the Court find Plaintiff entitled to (a) filing fees in the amount of $402.00; (b) fees for services of summons and subpoenas in the amount of $295.00; (c) costs for depositions in the amount of $10,130.00; and (d) costs for compensation of interpreters in the amount of $825.00, totaling $11,652.00 in taxable costs for Plaintiff.  R&R at 21–26.

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Louis's findings.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 139) is ADOPTED.  Defendant's Verified Motion to Tax Costs (ECF Nos. 116, 117) is DENIED.  Plaintiff's Motion for Bill of Costs (ECF No. 118) is GRANTED, in part, and DENIED, in part.  Plaintiff is entitled to $11,652.00 in taxable costs.  Defendant's Motion for Entitlement to Fees and Petition for Attorney's Fees (ECF Nos. 128, 129) is DENIED.  Plaintiff's Verified Motion for Attorney's Fees (ECF No. 130) is GRANTED, in part, and DENIED, in part.  Plaintiff is entitled to $14,806.25 in attorney's fees.

DONE AND ORDERED in Chambers at Miami, Florida, this __13th__ day of August, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE